| | |
|---|---|
| TONY HUMPHREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 10-1; see CV Docs. 12, 17, 25].[1] Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

**I.   BACKGROUND**

On January 8, 2013, Petitioner Tony Humphrey ("Petitioner") pleaded guilty to two counts of Hobbs Act robbery (Counts One and Ten); two counts of attempted Hobbs Act robbery (Counts Three and Eight); one count of armed bank robbery (Count *Six*); and two counts of using a firearm in furtherance of a crime of violence, one predicated on Hobbs Act robbery (Count Two) and the other on attempted Hobbs Act robbery (Count Four). [CR Doc. 40: Acceptance and Entry of Guilty Plea; see CR Doc. 3: Indictment; CR Doc. 35 at ¶ 1: Plea Agreement]. In exchange for Petitioner's guilty plea, the Government dismissed three § 924(c) counts (Counts Seven, Nine, and Eleven), one count of bank robbery (Count Five), one count of possession with intent to distribute

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00090-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00228-FDW-1.

crack cocaine (Count Fifteen), and one count of possession with intent to distribute marijuana (Count Sixteen). [CR Doc. 35 at ¶ 2]. Petitioner was sentenced to a total term of imprisonment of 471 months, which included mandatory consecutive sentences of seven (7) years and 25 years, respectively, on the two § 924(c) charges. [CR Doc. 85 at 2: Judgment]. Judgment was entered on June 5, 2014. [Id.]. The Fourth Circuit affirmed his conviction on appeal. United States v. Humphrey, 594 Fed. App'x 183 (4th Cir. 2015).

In February 2016, Petitioner filed a motion to vacate, which has been amended and supplemented multiple times. At this point, Petitioner maintains that his § 924(c) conviction based on attempted Hobbs Act robbery (Count Four) is invalid and that the Court should vacate that conviction and resentence Petitioner on the remaining counts of conviction. [See Doc. 25]. After being stayed pending United States v. Ali, 991 F.3d 561 (4th Cir. 2021); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir.) (en banc), cert. denied, 140 S.Ct. (2019); and most recently United States v. Taylor, 142 S.Ct. 2015 (2022), the Court ordered the Government to respond to Petitioner's amended motion to vacate. [CV Doc. 35]. The Government responded, agreeing that Petitioner's conviction on Count Four should be vacated in light of Taylor.[2] [Id. at 7-9].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See

---

[2] The Government also argues that Petitioner's conviction on Count Two predicated on Hobbs Act robbery remains valid. Counsel for Petitioner informally contacted the Court on October 6, 2022, to advise that Petitioner does not contest the Government's position on Count Two.

2

Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.    DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022).

As such, as the parties agree, Petitioner's conviction under 18 U.S.C. § 924(c) based on attempted Hobbs Act robbery is no longer supported by a valid predicate crime of violence and the Court must vacate it under § 2255. Petitioner's conviction on Count Two predicated on Hobbs Act robbery, however, remains valid. See United States v. Mathis, 932 F.3d 242 (4th Cir. 2019).

Based on the foregoing, Count Four is vacated and the Court will conduct a resentencing hearing on Petitioner's remaining counts of conviction.

### IV.    CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) for the use of a firearm in

furtherance of a crime of violence is unconstitutional, the Court will grant Petitioner's amended motion to vacate in accordance with the terms of this Order. [CV Doc. 10-1]. The Court will further order that Petitioner's conviction under § 924(c) be vacated and that Petitioner be resentenced in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 10-1] is **GRANTED IN PART** as to Petitioner's claim that Count Four was not predicated on a valid crime of violence and **DENIED IN PART** as to all remaining claims asserted by Petitioner in this matter.

2. Petitioner's conviction on Count Four is **VACATED**.

3. Petitioner shall be resentenced on the remaining counts on which he was convicted. The Clerk of Court is respectfully instructed to schedule a hearing for Petitioner's resentencing.

4. The Clerk of Court is instructed to provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERD**.

Signed: October 11, 2022

_____
Frank D. Whitney
United States District Judge